UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADLEY BRAUN, SUSAN BRAUN, | No. 2:08-cv-00283-MCE-GGH |
| Plaintiffs, | |
| v. | <u>MEMORANDUM AND ORDER</u> |
| ALLSTATE INSURANCE COMPANY, | |
| Defendant. | |

----oo0oo----

Plaintiffs seek monetary relief against Defendant Allstate Insurance Company ("Allstate"), for breach of contract and breach of the duty of good faith and fair dealing and violation of fiduciary duties. Allstate now moves to dismiss Plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(6)[1] on grounds that Plaintiffs fail to state a claim on which relief may be granted.

///

---

[1] Unless otherwise stated, all further references to a Rule are to the Federal Rules of Civil Procedure.

1

For the reasons set forth below, Allstate's Motion to Dismiss is GRANTED with leave to amend.[2]

## BACKGROUND[3]

Prior to 2000, and continuing through the present, Plaintiffs held an automotive insurance policy with Allstate which insured Plaintiffs against, *inter alia*, damages caused by underinsured motorists. On or about May 16, 2007, Plaintiffs' son was killed when struck on his bicycle by a motor vehicle. The motorist at fault was insured by State Farm Insurance Company ("State Farm") for $50,000.

On or about June 13, 2007, Plaintiffs provided Allstate with a copy of the Traffic Collision Report of the accident, advised Allstate regarding an available witness confirming that the motorist had not stopped at a stop sign prior to the collision, advised Allstate that State Farm had agreed to tender the $50,000 limit of the motorist's policy, and advised Allstate that Plaintiffs were making an underinsured motorist ("UIM") claim and medical payment claim pursuant to Plaintiffs' automotive policy.

///
///
///
///

---

[2] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

[3] The factual assertions in this section are based on the allegations in Plaintiffs' Complaint unless otherwise specified.

2

1    On or about August 2, 2007, and again on September 7, 2007, October 31, 2007, and November 1, 2007, Plaintiffs allegedly informed Allstate that they had reached a "tentative" settlement with State Farm and were awaiting Allstate's response to their UIM claim before moving forward with the settlement.  Plaintiffs further allege that Allstate did not contact them in response to their repeated requests until December 6, 2007, when Allstate contacted Plaintiffs' counsel requesting a copy of the motorist's driver's insurance declaration page, which was provided to Allstate with related documents on December 7, 2007.

    On or about January 22, 2008, Plaintiffs allege that Allstate contacted Plaintiffs' counsel requesting copies of medical records and, in response, Plaintiffs' counsel provided Allstate with a copy of the deceased's birth certificate and coroner's record of death.  Following this exchange, Allstate made an "offer of settlement" to Plaintiffs on January 25, 2008, conditioned on Plaintiffs providing a copy of the settlement check from the motorist and a signed release between Plaintiffs and the motorist.  Plaintiffs provided a copy of the release the same day, and provided a copy of the settlement check from State Farm on February 5, 2008.  Plaintiffs allege that Allstate communicated in writing on February 4, 2008 that its tendering the check was conditioned upon execution of a release of claims for bad faith insurance practices.  Plaintiffs allege that this contingent release was unlawful.

///
///
///

3

In its Motion to Dismiss, Allstate states that on February 26, 2008, a phone message was left with Plaintiffs' counsel advising that the release sent with the check "was a mistake," and that Plaintiffs' counsel was "expressly authorized to negotiate the check without signing or returning any release."

On March 20, 2008, Plaintiffs filed their First Amended Complaint for Damages and Demand for Jury Trial in this Court under diversity jurisdiction.  Plaintiffs allege two causes of action in their complaint: (1) for Breach of Contract; and (2) for Breach of the Duty of Good Faith and Fair Dealing and Violation of Fiduciary Duties.  Plaintiffs seek both compensatory and punitive damages.

On March 25, 2008, Allstate filed this Motion to Dismiss. Allstate challenges both of Plaintiffs' causes of action, arguing that Plaintiffs failed to state a claim on which relief could be granted under Rule 12(b)(6).  Allstate contends that under California Insurance Code § 11580.2(p)(3), UIM coverage does not apply until Plaintiffs have exhausted the limits of the bodily injury liability policies available from the insured motor vehicles causing the injury, and submitted proof of this payment to Plaintiffs' insurer.  Thus, Plaintiffs' causes of action based on Allstate's actions prior to the maturation of Plaintiffs' UIM claim are insufficient.

///
///
///
///
///

4

**STANDARD**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. <u>Cahill v. Liberty Mut. Ins. Co.</u>, 80 F.3d 336, 337-38 (9th Cir. 1996). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the... claim is and the grounds upon which it rests." <u>Conley v. Gibson</u>, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. <u>Bell Atl. Corp. v. Twombly</u>, 127 S. Ct. 1955, 1964-65 (2007) (internal citations and quotations omitted). Factual allegations must be enough to raise a right to relief above the speculative level. <u>Id</u>. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) ("The pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action").

///
///
///
///

1     If the court grants a motion to dismiss a complaint, it must
2 then decide whether to grant leave to amend.  The court should
3 "freely give" leave to amend when there is no "undue delay, bad
4 faith[,] dilatory motive on the part of the movant... undue
5 prejudice to the opposing party by virtue of... the amendment,
6 [or] futility of the amendment...."  Fed. R. Civ. P. 15(a); Foman
7 v. Davis, 371 U.S. 178, 182 (1962).  Generally, leave to amend is
8 only denied when it is clear that the deficiencies of the
9 complaint cannot be cured by amendment.  DeSoto v. Yellow Freight
10 Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

## ANALYSIS

14    Under California Insurance Code § 11580.2(p)(3), UIM
15 coverage is unavailable until the plaintiff has exhausted the
16 limits of the bodily injury liability policies available to the
17 insured motor vehicles causing the injury, and submitted proof of
18 this payment to the plaintiff's insurer.  In Hartford Fire Ins.
19 Co. v. Macri, the California Supreme Court interpreted this
20 statute, holding that plaintiffs in UIM cases are required to
21 "obtain a settlement and/or judgment and to submit proof of
22 payment to the insurer" before UIM coverage will be available.
23 4 Cal. 4th 318, 327 (1992); See also Quintano v. Mercury Casualty
24 Co., 11 Cal. 4th 1049, 1055-56 (1995) (noting that under Macri,
25 § 11580.2(p)(3) establishes a precondition to the accrual of the
26 insured's right to coverage).
27 ///
28 ///

Allstate contends that these statutory requirements prevented Plaintiffs from qualifying for UIM coverage until February 5, 2008, when Plaintiffs provided Allstate with the copy of State Farm's settlement check.  Therefore, Allstate contends that Plaintiffs' allegations of breach based on Allstate's alleged inaction prior to this date are insufficient and premature.

Plaintiffs contend that Allstate's duty of good faith and fair dealing existed at all times of coverage under the policy, and the alleged actions by Allstate breached this duty.  Plaintiffs allege that Allstate repeatedly failed to communicate from June to December 2007, failed to investigate, and failed to timely pay without unlawful condition.  (Compl. ¶ 91.)  These actions created unreasonable delays in acting upon Plaintiffs' claim, and breached Allstate's contractual duties and their duty of good faith and fair dealing.  Plaintiffs are correct that an implied covenant of good faith and fair dealing exists in every insurance contract and requires that neither party do anything that would injure the right of the other to receive benefits under the agreement.  See Comunale v. Traders & General Ins. Co., 50 Cal. 2d 654, 658 (1958); Waller v. Truck Ins. Exchange, Inc., 11 Cal. 4th 1, 36 (Cal. 1995).

However, a "bad faith claim cannot be maintained unless policy benefits are due." Love v. Fire Ins. Exchange, 221 Cal. App. 3d 1136, 1151-1153 (1990).  In Love, the plaintiffs sought to estop the insurance company from invoking the statute of limitations because the insurance company had an obligation to disclose certain circumstances in which an excluded loss became a covered loss.  Id. at 1144.

The plaintiffs contended this duty arose from the insurance company's fiduciary duty to disclose this legal argument that would provide them with coverage. Id. Contrary to that assertion, the court stated that it was "unaware of any cases requiring an insurer to advise an insured of different legal theories or statutory provisions which an insured could use to avoid policy exclusions." Id. at 1150.

In the instant case, Allstate did not injure the rights of Plaintiffs to receive benefits under the policy, they simply did not provide legal advice regarding statutory conditions to be met by Plaintiffs before UIM coverage would attach. An insurer may give equal consideration to its own interests and the interests of its insured, and as such is not a true fiduciary of the insured. Id. at 1148-49. As noted by the court in Love:

> Where benefits are *fully and promptly paid*, no action lies for breach of the implied covenant--no matter how hostile or egregious the insurer's conduct toward the insured may have been prior to such payment. *I.e., absent an actual withholding of benefits due, there is no breach of contract and likewise no breach of the insurer's implied covenant*.

Id. at 1152, fn. 10 (citing Guy O. Kornblum, Marcus M. Kaufman & Harvey R. Levine, California Practice Guide: Bad Faith (Rutter Group 1989) § 4:28 at 4-9)(emphasis in original). Both parties agree that Plaintiffs provided Allstate with the copy of State Farm's check on February 5, 2008. Allstate alleges that it paid Plaintiffs' claim on February 8, 2008, and left a phone message with Plaintiffs' counsel on February 26, 2008, dismissing the mistaken release, thus timely fulfilling their duties to Plaintiff.

///

1  Plaintiffs' allegation that Allstate's lack of communication
2 and failure to investigate, prior to the maturity of Plaintiffs'
3 UIM claim, constituted a breach of contract or a breach of the
4 duty of good faith and fair dealing are unsupported by the
5 California Insurance Code and related case law.  As policy
6 benefits were not due to Plaintiffs until February 5, 2008,
7 Plaintiffs' Complaint does not establish any causes of action
8 based on Allstate's conduct prior to that date.  Moreover, as
9 confusion regarding the release allegedly remained only until
10 February 26, 2008, this three-week delay is also insufficient to
11 establish Plaintiffs' causes of action.  <u>Maxwell v. Fire Ins.</u>
12 <u>Exchange</u>, 60 Cal. App. 4th 1446, 1450 (1998) (noting that an 81-
13 day delay in payment did not establish economic loss).

14  Because Plaintiffs have failed to properly plead the causes
15 of action for breach of contract and breach of the duty of good
16 faith and fair dealing, they have failed to state a claim upon
17 which relief may be granted.  Accordingly, the Motion to Dismiss
18 Plaintiffs' Causes of Action is GRANTED with leave to amend.
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

**CONCLUSION**

Defendant's Motion to Dismiss Plaintiffs' Causes of Action is GRANTED with leave to amend under Rule 12(b)(6). Plaintiffs are directed to file an Amended Complaint, should they choose to do so, not later than thirty (30) days following the date of this order.

IT IS SO ORDERED.

Dated: August 4, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE